1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   RAYMOND MAGDALENO,                    **13-cv-1941  LJO-GSA**

12              Plaintiff,                  **FINDINGS AND RECOMMENDATION**
                                            **RECOMMENDING DISMISSAL**
13        v.                                **WITHOUT LEAVE TO AMEND**

14
     KAREN HOLMES, DVM;
15   VETERINARY EMERGENCY CLINIC;
     CITY OF MODESTO; CARLOS
16   KESARIS; SPERO KESSARIS; DE LA
     CRUZ PRODUCTS INC.; DLC
17   LABORATORIES; WAL-MART
     CORPORATION; and DOES 1-XX,
18   inclusive,

19              Defendants.

20

21                                  **INTRODUCTION**

22        Plaintiff Raymond Magdaleno ("Plaintiff"), appearing pro se, filed the instant complaint

23   on December 2, 2013. (Doc. 1).   Plaintiff has named Karen Holmes, DVM; Veterinary

24   Emergency Clinic; City of Modesto; Carlos Kesaris; Spero Kessaris; De La Cruz Products, Inc.;

25   DLC Laboratories; Wal-Mart Corporation and Does 1 through 20 inclusive

26   (collectively,"Defendants").   The court has screened the complaint and recommends that the

27   complaint be dismissed without leave to amend.

28

                                              1

**DISCUSSION**

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se

pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id.*

B.      Plaintiff's Allegations

Plaintiff alleges that his dog, "shorty" was "maliciously killed" by veterinarian Karen Holmes on November 30, 2012, because she failed to administer life savings fluids to treat the dog for toxic contamination of tea tree oil. (Doc. 1, pg. 13). As a result, Plaintiff was forced to witness shorty's slow and painful death resulting in emotional distress. Plaintiff alleges veterinarian malpractice, negligence, negligent and intentional infliction of emotional distress, breach of contract, and fraud by false advertising against Karen Holmes, the Veterinary Emergency Clinic, and the City of Modesto. He also alleges negligence and strict products liability against Wal-Mart, De La Cruz Products, and DLC Laboratories because he purchased the tea tree oil from these companies for use on his dog. He contends that the companies negligently designed, manufactured, and assembled the product knowing that it was dangerous and unsafe for its intended uses.[1] Plaintiff seeks injunctive relief, general compensatory and punitive damages, damages for emotional pain and suffering, attorney's fees and costs, and all other just relief.

C.      Analysis

Based on the above facts, Plaintiff cannot establish that federal jurisdiction is proper.

---

[1] The complaint is difficult to understand because the causes of action listed in the caption on the first page are different than those discussed in the rest of the pleading. Only the causes of action that are developed in the complaint are included in this summary. However, all of the causes of action listed in the complaint, regardless of where they appear, are state law claims. Moreover, Plaintiff has not clearly identified which defendants are named in each cause of action. Therefore, summary of the compliant represents the Court's best efforts to decipher the material.

Federal courts can only adjudicate cases authorized by the United States Constitution and Congress.  Generally, this includes cases in which:  1) diversity of citizenship is established (the matter in controversy exceeds $75,000 and is between citizens of different states), 2) a federal question is presented, or 3) the United States is a party.  28 U.S.C. §§ 1331 and 1332; *See also*, *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).  As discussed below, Plaintiff has failed to establish that federal jurisdiction is proper.  The United States is not a party in this action and no federal question is presented.  Similarly, as explained in more detail below, Plaintiff and several of the Defendants are citizens of California, so complete diversity cannot be established.

      1.     *Federal Question and the United States is Not a Party*

Plaintiff's complaint alleges veterinarian malpractice, negligence, negligent and intentional infliction of emotional distress, breach of contract, fraud by false advertising, and strict products liability. Several of these causes of action are not properly pled, however, they are all state law claims.  Thus, no federal questions are presented.  Similarly, the United States is not a named defendant in this action.

      2.     *Diversity Jurisdiction*

Plaintiff is also unable to establish diversity jurisdiction.  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); see also *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir.2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant

4

have the same citizenship as any plaintiff." 28 U.S.C. § 1332 (a); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

Here, Plaintiff resides in California and he is citizen of California. With the exception of Wal-Mart, it appears all of the other Defendants are also citizens of California. Therefore, complete diversity between the parties does not exist and federal court jurisdiction cannot be established. [2] An amendment will not cure this deficiency.

///

///

///

///

///

///

///

///

///

///

///

///

_____

[2] Although Plaintiff alleges strict liability claims against Wal-mart, the allegations presented in this complaint suggest that he is unable to state a cognizable claim against that Defendant for this cause of action.

5

**RECOMMENDATION**

For the reasons set forth above, the Court finds that this court lacks jurisdiction to consider Plaintiff's case. Accordingly, it is recommended that Plaintiff's complaint be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **January 21, 2014**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE